UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Derrell Jacori Cole,　　　　　　　　　　　　　　Case No. 19-cv-859 (DSD/LIB)

　　　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Karen Halverson, Warden,

　　　　　　　Respondent.

　　　This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Derrell Jacori Cole's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1].

　　　Petitioner Derrell Jacori Cole was convicted of aiding and abetting first-degree aggravated robbery in state court. Cole challenges that conviction and the sentence imposed for that conviction through a Petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Cole's Petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court concludes that Cole's Petition is untimely and that no exception to the timeliness requirements applies in this case.

　　　Accordingly, it is recommended that the Cole's Petition, [Docket No. 1], be summarily dismissed.

　　　Cole challenges his conviction and sentence on four grounds: (1) that the trial court improperly admitted evidence regarding two prior convictions for first-degree aggravated robbery; (2) that his speedy-trial rights were violated; (3) that the prosecution did not provide notice of its intent to seek an "aggravated sentence" until shortly before trial; and (4) that two witnesses

1

provided false testimony at trial. (See, Petition [Docket No. 1]). An in-depth analysis of the merits of Cole's claims is unnecessary, however, because Cole's Petition is plainly barred by the relevant statute of limitations. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The final two of these provisions are inapplicable to the present case because (1) Cole is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court and (2) Cole's claim is not predicated on any new factual predicate. The limitations date can only therefore be established either by § 2244(d)(1)(A) or § 2244(d)(1)(B).

Under § 2244(d)(1)(A), the Petition is plainly untimely. The Minnesota Court of Appeals affirmed Cole's conviction on April 3, 2017, and the Minnesota Supreme Court declined review on May 30, 2017. See, State v. Cole, No. A16-1047, 2017 WL 1208756 (Minn. Ct. App. Apr. 3,

2017). Cole then had ninety days, or until August 28, 2017, on which to file a petition for a writ of certiorari with the Supreme Court of the United States. When Cole failed to do so, his conviction became final on that date for purposes of § 2244(d)(1)(A). See, Jihad v. Hvass, 267 F.3d 803, 804–05 (8th Cir. 2001). The limitations period established by § 2244(d)(1)(A) expired exactly one year later, on August 28, 2018. Cole did not place his present habeas Petition in the internal mail system at the institution where he is confined until March 22, 2019. (See, Petition, [Docket No. 1], at 15). This was plainly too late.

Upon filing his Petition, however, Cole suggested that, pursuant to 28 U.S.C. § 2244(d)(1)(B), an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" may have been at least partly responsible for the delay because his "research" was lost or destroyed during a cell search. (See, Petition, [Docket No. 1], at 16). Because the date of that "cell search" was not apparent from his Petition, this Court invited Cole to expand upon the circumstances of the cell search in order to determine whether § 2244(d)(1)(B) rather than § 2244(d)(1)(A) established the proper limitations date for the present matter. (See, Order [Docket No. 3]). In his response, however, Cole points to causes *other* than the cell search as the reason for delay in filing the habeas petition. (See, Letter [Docket No. 5]). Accordingly, the limitations period is established by § 2244(d)(1)(A)—not § 2244(d)(1)(B)—and as explained above, the Petition is plainly too late under that provision.

Cole argues that his Petition should be considered despite its untimeliness for two reasons. First, Cole contends that the limitations period should be equitably tolled to account for his lack of knowledge of the law, his unrepresented status, and the time that it took to prepare the Petition. (See, Letter [Docket No. 5]). "A petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

3

his way and prevented timely filing.'" Burks v. Kelley, 881 F.3d 663, 666 (8th Cir. 2018) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). None of the circumstances described by Cole are "extraordinary"; in fact, they are the usual in habeas corpus litigation. Nothing described by Cole about his circumstances entitles him to equitable tolling of the habeas deadline.

Second, Cole argues that he should qualify for the actual-innocence gateway around the timeliness requirement established by § 2244(d). See, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."). But the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare," Id., and Cole has failed to make any threshold showing of innocence sufficient to justify this matter going forward.

Only one of his four present claims—his claim related to allegedly false testimony—potentially concerns the question of Cole's guilt or innocence of the offense as opposed to procedural errors. And even with respect to that claim, the allegedly false testimony identified by Cole, if assumed solely for the sake of argument to be correct, would not be sufficient to establish his actual innocence of the offense for which he was convicted. (See, Petition, [Docket No. 1], at 10) (alleging that, in front of the grand jury, one witness "made false statement about who was driving the car when he later stated he didn't know" and one witness "knowingly lied [that] the car he was arrested in was the same car used in the crime committed on July 3, 2015"). Nor does any other evidence offered by Cole establish his innocence of the offense.

Because it is evident to the Court from the face of Cole's habeas Petition and the relevant state-court records that Cole's Petition is barred by the statute of limitations, the undersigned recommends that the Petition, [Docket No. 1], be **DENIED**.

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability (hereinafter "COA"). See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the present case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Cole's current habeas corpus Petition differently than it is being treated here. Cole has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Cole should not be granted a COA in this matter.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of Petitioner Derrell Jacori Cole, [Docket No. 1], be **DISMISSED as untimely**; and
2. No certificate of appealability be issued.

Dated: May16, 2019                              s/Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                United States Magistrate Judge

5

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).